## John W. Longenbook v. The People of the State of Illinois.

1. CONTEMPT—*what sufficient to entitle respondent to discharge.*
Where the contempt is criminal or *quasi*-criminal and is alleged to have been committed out of the presence of the court, an answer by the respondent denying under oath the facts and circumstances alleged to have constituted the contempt, is, of itself, sufficient to acquit such respondent of the contempt charged, and óral evidence cannot thereafter be heard in contradiction of such answer.

Contempt proceeding. Error to the County Court of Douglas county; the Hon. W. W. REEVES, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

GUY R. JONES, J. M. NEWMAN and E. C. & J. W. CRAIG, JR., for plaintiff in error.

W. H. STEAD, Attorney-General, and FRANK T. ROLOSON, State's Attorney, for defendant in error; JOHN H. CHADWICK, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a proceeding by information, instituted in the County Court of Douglas county by the state's attorney of said county, charging plaintiff in error with contempt of said court. The information alleged that plaintiff in error had theretofore procured and induced certain witnesses, who had been summoned to appear before said court upon a certain day to testify on behalf of the People in a proceeding then pending in said court, to depart and absent themselves from said county, by reason whereof such witnesses failed to appear in obedience to the subpœna and were thereby prevented from testifying in said cause. In support of the information several affidavits were filed substantially supporting such charge, and the court ordered an attachment to issue thereon. Plaintiff in

error appeared in open court and filed a verified answer to the information explicitly denying the facts, circumstances and charges set forth in the information and affidavits. He then moved that he be discharged for the reason that inasmuch as the contempt was alleged to have been committed out of the presence or hearing of the court, said answer under oath was sufficient in law to acquit him of the charge of contempt. The motion was overruled and the court proceeded to hear oral evidence in support of the facts alleged in the information. Plaintiff in error was thereupon found by the court to be guilty of contempt as charged in the information, and sentenced to pay a fine of $400 and to confinement in the jail of the county for the period of ninety days, and until fine and costs were paid. To reverse said judgment this writ of error is prosecuted.

The proceeding against plaintiff in error was one in behalf of the People of the State of Illinois, to punish him for an alleged wrongful act done in defiance of the authority and dignity of a judicial tribunal, and not for the purpose of enforcing any orders of the court, or in any civil remedy for the benefit of any injured party. It was criminal, not remedial, in its character. It is well settled that where a criminal or *quasi*-criminal contempt is alleged to have been committed out of the presence of the court, an answer by the contemner denying, under oath, the facts and circumstances alleged to have constituted the contempt, is, of itself, sufficient to acquit him of the contempt charged, and, further, that oral evidence cannot thereafter be heard in contradiction of such answer. Oster v. People, 192 Ill. 478; Loven v. People, 158 Ill. 167; Earley v. People, 117 App. 608. · Counsel for the People urge that the foregoing rule should not apply where the contempt is of a court engaged in the trial of criminal cases. We are unable to perceive any reason for such distinction. If the con-

tempt charged be criminal or *quasi*-criminal, it is wholly immaterial whether it was committed incidental to a civil or criminal or chancery proceeding.

It follows that upon inspection of the answer of plaintiff in error, the County Court should have dismissed the attachment proceeding and discharged the defendant. The judgment must be and is reversed and the cause remanded.

*Reversed and remanded.*